IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TOM MCREYNOLDS, et al.,

       Plaintiffs,

vs.                                                                 No. 12-cv-0097 MCA/WDS

JIM LANE, in his official capacity as
DIRECTOR OF THE NEW MEXICO
DEPARTMENT OF GAME AND FISH,

       Defendant.

**ORDER**

This case is before the Court on Defendant's *Motion for Extension of Deadline to Respond to Plaintiffs' Motion for Temporary Restraining Order.* [Doc. 7.] The Court has previously granted this motion in part by text only order. [Doc. 8]. What remains at issue is whether the Court should grant Defendant leave to file an untimely response to Plaintiffs' Motion for Temporary Restraining Order [Doc. 2].

Plaintiffs' served their Motion for Temporary Restraining Order on February 2, 2012 at the same time that they served the Summons and Complaint. Pursuant to D.N.M. LR-Civ. 7.4(a), Defendant's response was due on or by February 16, 2012. There is no dispute that by February 13, 2012, counsel for Defendant had obtained a copy of the Summons and Complaint and Motion for Temporary Restraining Order. Due to counsel's initial and concededly "cursory" examination of the papers provided by Defendant, counsel failed to realize that the Motion for Temporary Restraining Order was attached to the Summons and Complaint. Even after recognizing that the Motion for Temporary Restraining Order had been served on Defendant, it appears that counsel failed to properly calendar the response date for Plaintiff's Motion for

Temporary Restraining Order.  Counsel failed to file either a response to the Motion for Temporary Restraining or a motion for extension of time to respond within the time limits of LR-Civ. 7.4(a).

Because counsel failed to request an extension of time before the original time limits of LR-Civ. 7.4(a) expired, counsel must show that his failure to act was due to excusable neglect. Fed. Civ. P. Rule 6(b)(1)(B). "[I]t is well established that inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for purposes of Rule 6(b)." *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (2005).

Having considered Defendant's Response to Plaintiffs' Motion for Order Granting Preliminary Injunction [Doc. 10], and the representations of Defendant's counsel at the February 27, 2012 telephonic conference, the Court finds that counsel has not established excusable neglect for his failure to timely respond to Plaintiffs' Motion for Temporary Restraining Order. Counsel's attempt to shift responsibility to his support staff was unpersuasive.

Defendant's *Motion for Extension of Deadline to Respond to Plaintiffs' Motion for Temporary Restraining Order* [Doc. 7.] is therefore **denied** to the extent it seeks leave to file an untimely response to Plaintiff's Motion for Temporary Restraining Order.

Defendant's failure to file a timely response to Plaintiffs' Motion for Temporary Restraining Order "constitutes consent to grant the motion." LR-Civ. 7.1(b). Notwithstanding this imputed consent, the Court is not inclined to grant a TRO/preliminary injunction unless such relief is supported by both the facts and law. The Court deems it necessary to have the parties address, at hearing, certain legal questions that may have a bearing on the merits of the pending motion.  The Court has scheduled a hearing on Plaintiffs' Motion for a Temporary Restraining

Order for March 21, 2012.  At that hearing the parties will be afforded the opportunity to offer evidence and legal argument in support of and in opposition to Plaintiffs' request for a TRO/preliminary injunction. Counsel are directed to be prepared to address the effect of the Reaffirmation of Resident and Nonresident Hunting and Fishing Act of 2005 on Plaintiffs' Commerce Clause claim.

Counsel shall hand deliver to the Court **by noon, Tuesday, March 13, 2012**, two highlighted copies of all legal case authorities that they wish the Court to consider.

**So ordered this 29th day of February, 2012.**

M. CHRISTINA ARMIJO
UNITED STATES DISTRICT JUDGE